

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| LORRAINE SYLVIA LARKIN,  §<br>Plaintiff, § <br>vs.  § <br> § <br>NANCY A. BERRYHILL, § <br>Acting Commissioner of Social Security, § <br>Defendant.  § | CIVIL ACTION NO. 6:17-01166-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT BERRYHILL'S DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff Lorraine Sylvia Larkin seeks judicial review of the final decision of Defendant Nancy A. Berryhill denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Berryhill's final decision denying Larkin's claims be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 30, 2018, Larkin filed her objections on June 27, 2018, and Berryhill filed her reply on June 29, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

On December 13, 2013, Larkin filed her applications for DIB and SSI. She contends her disability commenced on January 12, 2013. Berryhill denied Larkin's application initially and upon reconsideration. Larkin then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on February 23, 2016.

On March 14, 2016, the ALJ issued a decision holding Larkin did not have a disability under the Social Security Act. Larkin then filed this action for judicial review with the Court.

Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 20 C.F.R. §§ 404.1505(a), 416.905(a). The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJ must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision

is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986). "The fact that the record as a whole might support an inconsistent conclusion is immaterial[.]" *Blalock v. Richardson Eyeglasses*, 483 F.2d 773, 775 (4th Cir. 1972) (footnotes omitted).

Larkin lodges just one objection to the Report: the Magistrate Judge's purported "uncritical acceptance of the ALJ's finding that she does not meet the Listing because of her 'high level of adaptive functioning.'" Objections 1 (quoting A.R. 18). According to Larkin, "[t]his finding is counter to both the facts of the case and the clear precedents set in this District and this Circuit." Larkin breaks this objection down into several sub-parts, which the Court will address below.

Larkin's objection centers around whether the ALJ properly applied Listing 12.05C. The Fourth Circuit has summarized the terms of Listing 12.05C in effect at the time the ALJ rendered her decision this way: "Listing [12.05C) requires [1] a showing of 'deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22[,]' [2] "a valid verbal, performance, or full scale IQ of 60 through 70" ("Prong 2"), [and] [3] "a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" *Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012).

There is no dispute Larkin satisfies the second and third prerequisites: IQ score and additional work-related limitation requirements, respectively. The sole issue before the Court then is whether substantial evidence supports the ALJ's assessment of prong one: Larkin's adaptive functioning. The term "adaptive functioning" refers to the "[ ]ability to cope with the challenges

of ordinary everyday life." *Novy v. Astrue*, 497 F.3d 708, 710 (7th Cir. 2007) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Text Revision (DSMIV–TR) 42 (4th ed.2000)).

Larkin states her "prior simple work, vocational rehabilitation training, ability to perform some routine daily tasks, and to provide some care for her son . . . are not an indication of a high level of adaptive functioning." Objections 3. According to her, "[b]oth ALJ and Magistrate gave great weight to these areas, without appropriately considering the claimant's significant evidence of a lack of adaptive functioning." *Id*. The Court respectfully disagrees.

The law in this area is well established. "In reviewing for substantial evidence, [the Court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted) (alterations omitted).

Suffice it to say there may well be evidence in the record to support Larkin's argument concerning her alleged lack of adaptive functioning. But, there is also substantial evidence to support the ALJ's conclusion as to Larkin's high level of adaptive reasoning. Accordingly, the Court will overrule this part of Larkin's objection.

Larkin next asserts "the fact [she] has a history of employment in the past is irrelevant to whether she has subsequently become disabled due to the development of additional severe impairments." Objections 3. The Court is unpersuaded.

Simply put, the ALJ correctly determined there was substantial evidence to support her conclusion Larkin's additional impairments failed to render Larkin disabled. In explaining her conclusion, the ALJ opined there was "ample evidence that [Larkin] has exaggerated her

limitations." A.R. 18. As such, Larkin's past employment history is germane here. Consequently, the Court will overrule this portion of Larkin's objection, too.

Continuing her adaptive functioning argument, Larkin also maintains "[t]he citation to supposed completion of vocational training is also incorrect. An examination of . . . Larkin's record at Vocational Rehabilitation reveals that she never completed any such training." Objections 4. The Court's interpretation of the relevant records, A.R. 225-31, however, is in concert with that of the ALJ and the Magistrate Judge.

Perhaps the disagreement here stems from Larkin's crabbed definition of the term "completion of vocational training." As is applicable here, vocational training refers to the South Carolina Vocational Rehabilitation Department's provision to Larkin of counseling, guidance, coaching, and information. Even a cursory review of these records reveals the Department afforded all those services to her.

The last entry of those records, made on February 9, 2011, states, in relevant part, the following: "Client is being prepared for a successful closure as she has been working at Popeyes restaurant for a period exceeding [ninety] days. . . . Counselor and client agreed to case closure. . . . All services on plan have been implemented to include . . . addressing learning disability and [e]ffects to employment[.]" *Id*. at 230-31. Because Larkin did indeed complete vocational training, the Court will also overrule this portion of Larkin's objection.

Finally, Larkin contends "[t]his District, and this Circuit, have repeatedly found that the diagnosis of mental retardation (now "intellectual disability"), and low academic performance, along with a low IQ itself, are reliable indicators of deficits in adaptive functioning[.]" Objections 5. This argument fails to provide Larkin with the aid she seeks.

Fact patterns in Social Security cases vary widely. No two are exactly alike. Further, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to

reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73.

There is substantial evidence to support the ALJ's conclusion Larkin was not disabled under the Act during the relevant time period. The ALJ's decision is also free from reversible legal error. Further, the ALJ's determination is reasonable. Consequently, the Court will overrule this portion of Larkin's objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Larkin's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Berryhill's final decision denying Larkin's DIB and SSI claims is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 11th day of July, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>MARY GEIGER LEWIS